**COLE SCHOTZ P.C.**
1325 Avenue of the Americas, 19th Floor
New York, New York 10019
(212) 752-9000 Telephone
(212) 752-8393 Facsimile
David M. Bass, Esq.
dbass@coleschotz.com

*Pro Se*

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>MOSHE SAPIR,<br><br>        Debtor. | Chapter 7<br><br>Case No. 19-40672 (NHL) |
| COLE SCHOTZ, P.C.,<br><br>        Plaintiff,<br><br>v.<br><br>MOSHE SAPIR,<br><br>        Defendant. | Adv. Proc. No. 19-_____(NHL) |

### COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBT

Cole Schotz P.C., pro se ("Cole Schotz"), as and for its complaint declaring the debt owed by Moshe Sapir ("Sapir" or the "Debtor") to Cole Schotz to be non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A), respectfully states as follows:

### JURISDICTION AND VENUE

1.  This complaint initiates an adversary proceeding as contemplated by Federal Rules of Bankruptcy Procedure 7001(1) and 7001(6). This proceeding is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 523.

3. Venue is proper pursuant to 28 U.S.C. § 1409.

## FACTUAL ALLEGATIONS

4. Between February 2017 and until relieved as counsel in November 2018, Cole Schotz represented Sapir, providing legal services to, and at the request of, Sapir, including with respect to matters brought against Sapir by Signature Financial LLC ("Signature") following Signature's entry of the judgment in Illinois against Sapir.

5. At the time Cole Schotz was relieved as counsel, Sapir owed Cole Schotz $135,336.04 for legal services performed by Cole Schotz on Sapir's behalf, but not paid for by Sapir.

6. On December 14, 2018, prior to Sapir's bankruptcy filing, Cole Schotz commenced an action against Sapir in the New York Supreme Court, New York County (Index # 161721/2018).

7. Prior to the responding to the complaint in that action, Sapir filed his voluntary petition for relief under chapter 7 of the Bankruptcy Code on February 1, 2019 (the "Petition Date").

8. As a result Cole Schotz's action against Sapir was stayed pursuant to the section 362(a) of the Bankruptcy Code.

## CLAIM FOR RELIEF
## (11 U.S.C. § 523(a)(2))

9. Cole Schotz incorporates by reference each and every paragraph of this Complaint as fully set forth herein.

40000/0309-17298045v1
May 7, 2019

10. During the course of Cole Schotz's representation of Sapir prior to the Petition Date, Signature sought and obtained, on an *ex parte* basis, in the Supreme Court of the State of New York, County of New York (Index No. 654135/2018) (the "New York County Fraudulent Transfer Action"), a temporary restraining order against Sapir, "his agents, servants, family members (including, but not limited to, Enad Sapir and/or Elad Sapir), employees, and attorneys and any and all others acting on his behalf or in connection with him."

11. That temporary restraining order enjoined Sapir and those other referenced individuals from "removing, moving, using, transferring, destroying, damaging, selling, pledging, assigning, permitting to become subject to a security interest or lien, auctioning, or otherwise disposing of assets in which [Sapir] has an interest, including, without limitation, the Real Property [located at 330 East 75th Street, Unit 14C, New York, NY, which Sapir had previously owned and transferred to his son Elad], and or any other real or personal property that has or may be fraudulently conveyed."

12. The New York County Fraudulent Transfer Action was a newly commenced action, and not among the matters covered by Cole Schotz's then-existing engagement.

13. Sapir sought to have Cole Schotz represent him in the New York County Fraudulent Transfer Action but he lacked the means to meet the retainer requirements of Cole Schotz.

14. To address his commitment to fund the fees, Sapir committed to Cole Schotz that if the temporary restraining order was vacated, he and his son would agree to seek to obtain a mortgage on condominium located at 330 East 75th Street, Unit 14C, New York, NY, which Sapir had previously owned and transferred to his son Elad, to fund Cole Schotz's fees and retainer.

15. On the basis of that commitment, Cole Schotz appeared in the New York County Fraudulent Transfer Action and with considerable effort opposed the relief sought by Signature.

16. Within hours of Cole Schotz's opposition filing, and solely on the basis of the arguments made by Cole Schotz within the opposition papers, Justice Jennifer G. Schecther, *sua sponte*, vacated the temporary restraining order and scheduled oral argument on Signature's petition.

17. Immediately thereafter, Sapir reiterated his commitment to Cole Schotz to obtain the mortgage to help satisfy the fees and fund a retainer. As a result, Cole Schotz continued to perform services for Sapir, including in connection with the New York County Fraudulent Transfer Action.

18. Cole Schotz, at Sapir's request, even provided names of potential lenders to Sapir.

19. Sapir continued to assure Cole Schotz that he would seek to obtain the mortgage and in reliance therewith, Cole Schotz continued to extend services to Sapir and incur fees in doing so.

20. Apparently, Sapir never intended to honor his commitment.

21. Ultimately, after Cole Schotz had obtained a vacatur of the temporary restraining order, and after Signature voluntarily withdrew the New York County Fraudulent Transfer Action in the evening prior to the return date set by Justice Schechter rather than proceed before that Court, Sapir told Cole Schotz for the first time that he and his son would not seek a mortgage.

22. Following that revelation, Cole Schotz sought to withdraw in each matter in which it had appeared for Sapir.

23. However, before that revelation, and in express reliance on Sapir's representations, which turned out to be false, Cole Schotz incurred fees and suffered damages, since those fees remained unpaid.

24. Sapir obtained the services of Cole Schotz by false pretenses, a false representation, or actual fraud.

25. Sapir intended to and actually did cause injury and damage to Cole Schotz.

26. As a result, the fees and expenses incurred by Cole Schotz following Sapir's commitment to obtain the mortgage are non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

WHEREFORE, Cole Schotz requests the entry of a judgment against the Debtor as follows:

    a. Declaring all amounts owed to Cole Schotz from Debtor from and after the commencement of the New York County Fraudulent Transfer Action non-dischargeable pursuant to 11 U.S.C. § 523(a)(2); and

    b. Awarding Cole Schotz such other and further relief as the Court deems appropriate.

DATED:    New York, New York
               May 7, 2019                    Respectfully submitted,

                                                 **COLE SCHOTZ P.C.**

                                                 By: * /s/ David M. Bass*
                                                     David M. Bass
                                                1325 Avenue of the Americas, 19th Floor
                                                New York, New York 10019
                                                (212) 752-9000 Telephone
                                                (212) 752-8393 Facsimile
                                                dbass@coleschotz.com

                                                *Pro Se*